UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-19-T-17JSS

SAUL VELAZQUEZ-BAZAN

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSET AND SUBSTITUTE ASSET**

THIS CAUSE comes before the Court upon the United States of America's Motion for:

(1) a Preliminary Order of Forfeiture for the following asset which was used in or facilitated the offenses to which the defendant pleaded guilty:

    a. The real property located at 1107 Turkey Creek Road, Plant City, Florida, which was used to facilitate the commission of the offense charged in Count One, and which was involved in the offense charged in Count Two, the legal description of which is as follows:

Lot beginning at the intersection of the East line of the Southeast ¼ of the Northeast ¼ and the South line of the railroad right-of-way, thence South 237 feet; thence South 86°21'36" West a distance of 142 feet, more or less, thence South 62° West, a distance of 66 feet; thence West 60 feet; thence North 20 feet, thence West 107 feet, thence North 162.43 feet to the Southerly railroad right-of-way; thence Northeasterly along railroad right-of-way a distance of 378.99 feet to the point of beginning; LESS the East 35 feet for road right-of-way. All lying and being in Section 35, Township 28 South, Range 21 East, Hillsborough County, Florida;

(2) a Forfeiture Money Judgment against the defendant in the amount of $3,823,000; and

(3) a Preliminary Order of Forfeiture for the following substitute asset in partial satisfaction of the $3,823,000 forfeiture money judgment:

    a. The real property located at 506 West Tennessee Avenue, Seffner, Florida, the legal description of which is as follows:

    Lot 21, Pat's Subdivision, as per plat thereof, recorded in Plat Book 50, Page 60, of the Public Records of Hillsborough County, Florida.

Being fully advised of the relevant facts, the Court hereby finds that the above-identified as asset (1)(a) is property that facilitated the drug conspiracy and was involved in the money laundering conspiracy to which the defendant pleaded guilty.

The Court further finds that at least $3,823,000 in proceeds was obtained from the drug trafficking conspiracy to which the defendant pleaded guilty.

The Court further finds that the United States is entitled to forfeit the above-identified substitute asset (3)(a), in partial satisfaction of the defendant's Forfeiture Money Judgment.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the above-identified asset (1)(a) is hereby forfeited to the United States for disposition according to law.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be jointly and severally liable for the $3,823,000 forfeiture money judgment with co-conspirators Alexandro Velazquez (*United States v. Velazquez*, Case No. 8:16-cr-536-T-35AEP), Joseph Rumore (*United States v. Rumore*, Case No. 8:16-cr-542-T-35AEP), and any other convicted co-conspirators for a forfeiture money judgment in the amount of $3,823,000.

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(p), directly and as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b)(2), the above-identified substitute asset (3)(a) is hereby forfeited to the United States for disposition according to law as a substitute asset in partial satisfaction of the defendant's $3,823,000 forfeiture money judgment.

Case No. 8:17CR-19-T-17JSS

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 21st day of APRIL, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record