# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs

**SAUL VELAZQUEZ-BAZAN**

Case Number. 8:17-cr-19-T-17JSS
USM Number: 67528-018

Mark J. O'Brien, retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Two of the Information. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A) and 846 | Conspiracy to Distribute and to Possess With the Intent to Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine | August 19, 2016 | One |
| 18 U.S.C. §§ 1956(a)(2)(B)(i), 1957 and § 1956(h) | Conspiracy to Transport, Attempt to Transport, and Transfer in Excess of $10,000 in Monetary Proceeds of Unlawful Activity Outside of the United States | August 19, 2016 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

June 9, 2017

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

June 9th, 2017

Saul Velazquez-Bazan
8:17-cr-19-T-17JSS

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **TWO-HUNDRED and TEN (210) MONTHS**. This term consists of terms of **TWO-HUNDRED and TEN (210) MONTHS as to Counts One and Two of the Information, all such terms to run concurrently.** Defendant shall receive credit for time served as calculated by the United States Bureau of Prisons.

The Court makes the following recommendations to the Bureau of Prisons:

1. 1st choice of incarceration – Coleman, FL. Is 1 ½ hours from extensive family and friends.
2. 2nd choice of incarceration – Jesup, GA
3. Medical exam for high cholesterol. Needs meds and diet for same.
4. Secondary education in English and Spanish. Additional education in reading, writing and speaking English. Then procure GED.
5. Vocational education in electrical trade, computers and business administration.
6. 500 hour counseling for alcohol abuse and adjustment for first time imprisonment.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Saul Velazquez-Bazan
8:17-cr-19-T-17JSS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS as to Count One of the Information and THREE (3) YEARS as to Count Two of the Information, all such terms to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

Saul Velazquez-Bazan
8:17-cr-19-T-17JSS

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____   Date:_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case

Saul Velazquez-Bazan
8:17-cr-19-T-17JSS

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall submit to a search of your person, residence, place of business, any storage units under the defendant's control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. You shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

2. The defendant shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Direct Asset and Substitute Asset, that are subject to forfeiture.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-cr-19-T-17JSS

SAUL VELAZQUEZ-BAZAN

**FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSET AND SUBSTITUTE ASSET**

THIS CAUSE comes before the Court upon the United States of America's Motion for:

(1) a Preliminary Order of Forfeiture for the following asset which was used in or facilitated the offenses to which the defendant pleaded guilty:

   a. The real property located at 1107 Turkey Creek Road, Plant City, Florida, which was used to facilitate the commission of the offense charged in Count One, and which was involved in the offense charged in Count Two, the legal description of which is as follows:

   Lot beginning at the intersection of the East line of the Southeast ¼ of the Northeast ¼ and the South line of the railroad right-of-way, thence South 237 feet; thence South 86°21'36" West a distance of 142 feet, more or less, thence South 62° West, a distance of 66 feet; thence West 60 feet; thence North 20 feet, thence West 107 feet, thence North 162.43 feet to the Southerly railroad right-of-way; thence Northeasterly along railroad right-of-way a distance of 378.99 feet to the point of beginning; LESS the East 35 feet for road right-of-way. All lying and being in Section 35, Township 28 South, Range 21 East, Hillsborough County, Florida;

(2) a Forfeiture Money Judgment against the defendant in the amount of $3,823,000; and

(3) a Preliminary Order of Forfeiture for the following substitute asset in partial satisfaction of the $3,823,000 forfeiture money judgment:

    a. The real property located at 506 West Tennessee Avenue, Seffner, Florida, the legal description of which is as follows:

    Lot 21, Pat's Subdivision, as per plat thereof, recorded in Plat Book 50, Page 60, of the Public Records of Hillsborough County, Florida.

Being fully advised of the relevant facts, the Court hereby finds that the above-identified as asset (1)(a) is property that facilitated the drug conspiracy and was involved in the money laundering conspiracy to which the defendant pleaded guilty.

The Court further finds that at least $3,823,000 in proceeds was obtained from the drug trafficking conspiracy to which the defendant pleaded guilty.

The Court further finds that the United States is entitled to forfeit the above-identified substitute asset (3)(a), in partial satisfaction of the defendant's Forfeiture Money Judgment.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the above-identified asset (1)(a) is hereby forfeited to the United States for disposition according to law.

~~It is FURTHER ORDERED that, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the defendant shall be jointly and severally liable for the $3,823,000 forfeiture money judgment with co-conspirators Alexandro Velazquez (*United States v. Velazquez*, Case No. 8:16-cr-536-T-35AEP), Joseph Rumore (*United States v. Rumore*, Case No. 8:16-cr-542-T-35AEP), and any other convicted co-conspirators for a forfeiture money judgment in the amount of $3,823,000.~~

[Handwritten annotation: Judge SJM 06-09-17]

It is FURTHER ORDERED that, pursuant to 21 U.S.C. § 853(p), directly and as incorporated by 18 U.S.C. § 982(b)(1), and Rule 32.2(b)(2), the above-identified substitute asset (3)(a) is hereby forfeited to the United States for disposition according to law as a substitute asset in partial satisfaction of the defendant's $3,823,000 forfeiture money judgment.

3

CASE NO. 8:17CR-19-T-17JSS

It is FURTHER ORDERED that, upon entry of this order, it shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the forfeiture money judgment.

DONE and ORDERED in Tampa, Florida, this 21st day of APRIL, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

4